Hillsborough
No. 87-023

RICHARD W. SYLVESTER

v.

DIRECTOR, DIVISION OF MOTOR VEHICLES

October 15, 1987

*Roussos & Boeckeler*, of Manchester (*John C. Boeckeler* on the brief and orally), for the plaintiff.

*Stephen E. Merrill*, attorney general (*Larry M. Smukler*, assistant attorney general, on the brief and orally), for the defendant.

THAYER, J.   After the plaintiff was arrested for driving while under the influence of intoxicating liquor (DWI) and exercised his statutory right to refuse to take a blood alcohol test, the defendant revoked the plaintiff's non-resident operating privileges for one year. The Superior Court (*Dalianis*, J.) rescinded the revocation, and the defendant appeals. The plaintiff also filed a cross-appeal. For the reasons that follow, we reverse, and remand to the trial court for reinstatement of the director's order revoking Sylvester's driving privileges.

On June 21, 1986, Merrimack police officer Ronald LeVierge arrested the plaintiff, Richard Sylvester, for DWI. Sylvester was a Massachusetts resident, with a Massachusetts driver's license, but had at least twice before been convicted in New Hampshire for DWI. After the most recent previous conviction, the plaintiff's operating privileges in New Hampshire had been revoked for six months beginning August 18, 1982.

After Officer LeVierge arrested Sylvester, the officer informed the plaintiff of his implied consent rights. The form which Officer LeVierge read to the plaintiff declared in its first sentence, "You have been arrested for driving under the influence of intoxicating liquor or drugs." Paragraph 5 advised the plaintiff:

> "If you refuse to submit to the test requested by the law enforcement officer and you were previously convicted of Driving While Intoxicated or Aggravated Driving While Intoxicated or had previously refused to consent to a chemical test, the Director of Motor Vehicles shall revoke your driver's license or nonresident operating priviledges [sic] for a period of one (1) year. . . ."

Paragraph 6, around which most of the controversy in this case centers, states:

> "If you have been previously convicted of Driving While Intoxicated or Aggravated Driving While Intoxicated or reckless driving and your test result is .03 or more or if you refuse to submit to a BAC [Blood Alcohol Content] test when a law enforcement officer has probable cause to believe you have been driving with .03 percent or more BAC you may have your license administratively suspended for ninety (90) days per RSA 263:14a."

Sylvester read a copy of the Implied Consent Rights form while Officer LeVierge read it aloud, and Sylvester then refused to take the test. The defendant was notified of the refusal and revoked plaintiff's driving privileges under RSA 265:92 (Supp. 1986). After

plaintiff was denied administrative relief, he appealed to the superior court.

The plaintiff argued below that paragraph 6 misstated the law by applying the sanctions for a .03 BAC percentage to any driver who had been previously convicted of DWI or aggravated DWI, when in fact it applied only to holders of New Hampshire probationary licenses. The plaintiff contended that his license was neither probationary nor issued by New Hampshire. The plaintiff then argued that the misleading information in paragraph 6 unfairly induced him to refuse to take the test, for fear that he would show a BAC percentage of .03 or higher, thus risking a ninety-day administrative suspension of his nonresident driving privileges.

The trial court ruled that Sylvester's license was probationary within the meaning of RSA 263:14-a, I (Supp. 1986) (effective until January 1, 1987). On appeal, both the plaintiff and the defendant argue, for different reasons, that the license was *not* probationary. While a close reading of the statute suggests that the trial court's ruling may have been erroneous, we need not decide the question in view of our conclusion that the arresting officer's implied consent warning did not unfairly mislead the plaintiff.

The trial court ruled that Officer LeVierge unfairly misled Sylvester by failing to tell him whether he believed Sylvester had a .03 percent BAC or a .10 percent BAC. The trial court emphasized this difference because it construed the statutory scheme to mean that when the officer had reasonable cause to believe the driver's BAC was .03 percent or higher, but not as high as .10 percent, then only the ninety-day revocation period of RSA 263:14-a, III (Supp. 1986) would apply, and not the one-year revocation period under RSA 265:92, I(b)(1) (Supp. 1986).

The trial court misconstrued the legislative scheme. RSA 265:92, I(b)(1) (Supp. 1986) requires the director to revoke the nonresident driving privilege of any driver who has a prior DWI conviction and who refuses to take the test. RSA 265:82 (Supp. 1986) explicitly distinguishes the offense of driving under the influence of intoxicating liquor, RSA 265:82, I(a) (Supp. 1986), from the offense of driving while one has .10 percent by weight of alcohol in one's blood, RSA 265:82, I(b) (Supp. 1986). RSA 265:84 (Supp. 1986) declares that every driver upon a public way of this State shall be deemed to have given consent to take a blood alcohol test when he or she is arrested for driving under the influence of intoxicating liquor *or* for driving while having a blood alcohol content of .10 percent or higher. Sylvester was charged with the former, not the

latter. Although RSA 265:89 (Supp. 1986) makes a blood alcohol content of .05 percent or lower prima facie evidence of innocence, the statutory evidentiary burdens are not relevant to the issue of revocation for refusal. In *State v. Cormier*, 127 N.H. 253, 258, 499 A.2d 986, 989 (1985), this court stated that the chemical test was the best evidence of drunkenness and that the driver's choice to refuse to take the test came with the attached strings that the refusal would result in a license revocation and could be introduced into evidence at trial without violating the self-incrimination provision of part I, article 15 of our State Constitution. The revocation under RSA 265:92 (Supp. 1986) is a penalty not only for refusing to take the test when the officer reasonably believes the driver has a blood alcohol content of .10 percent or higher, but also for refusing the test any time the officer believes the driver has committed the separate offense of driving while under the influence of intoxicating liquor.

Sylvester claims that he was frightened into refusing the test by the spectre of losing his license for ninety days if he tested at .03 percent or higher. In light of the above discussion, the claim is irrational because Officer LeVierge told him that he would lose his license for a year if he refused. Thus, even though paragraph 6 of the Implied Consent Rights form may have erroneously substituted previously convicted drivers for drivers with probationary licenses, any misleading of the plaintiff by that paragraph pales before the clear warning to him of a one-year revocation for refusing to take the test.

*Reversed and remanded.*

All concurred.